1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID W. WILSON,

11              Plaintiff,                 No. CIV S-06-0067 FCD KJM P

12        vs.

13   MARTIN VEAL, et al.,

14              Defendants.               ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $3.77 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

                                          1

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

1    Plaintiff's chief complaint is that certain prison officials at his place of

2  incarceration refuse to give him or copy a certain size of paper.  It is likely that this claim is

3  frivolous.  However, the court notes that under <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996) a

4  cognizable claim for denial of access to courts under the First Amendment is stated if a plaintiff

5  alleges that the actions of defendants resulted in some "actual injury," such as dismissal of an

6  action, or resulted in plaintiff being unable to file an action that was at least arguably

7  meritorious.  If plaintiff can plead an "actual injury" of the kind contemplated in <u>Lewis</u>, plaintiff

8  may be able to proceed with this action.

9    At this stage, the court finds the allegations in plaintiff's complaint too vague and

10  conclusory such that the complaint fails to state a claim for relief.  Although the Federal Rules of

11  Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the

12  elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d

13  646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt

14  acts which defendants engaged in that support plaintiff's claim.  <u>Id</u>.  Plaintiff's complaint must be

15  dismissed.  The court will, however, grant leave to file an amended complaint.

16    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

17  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

18  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

19  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

20  there is some affirmative link or connection between a defendant's actions and the claimed

21  deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

22  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

23  allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>

24  <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

25    Finally, plaintiff is informed that the court cannot refer to a prior pleading in

26  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court notes that on October 27, 2006, plaintiff filed a motion for summary judgment.  This is not an appropriate motion at this stage of the case.  Plaintiff is informed that if he continues to file inappropriate motions he could be sanctioned, possibly with dismissal of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $3.77.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  The Clerk of Court is directed to send plaintiff the form for use in filing civil rights actions in this district.

5.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

/////

/////

/////

4

an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

      6.  Plaintiff's October 27, 2006 "motion for summary judgment . . ." is denied.

DATED:  December 14, 2006.

_____
U.S. MAGISTRATE JUDGE

1
wils0067.14(1.11.06)